IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WILLIE JAMES CLAYTON, #109 393   *

    Plaintiff,   *

    v.   *   2:09-CV-563-ID
                                          (WO)

CAPTAIN BURTON, *et al.*,   *

    Defendants.   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on June 15, 2009. On June 19, 2009 the court, in accordance with the provisions contained in 28 U.S.C. § 1915(a)(2), directed Plaintiff to submit an account statement reflecting the average monthly balances and average monthly deposits to his inmate account for the six month period immediately preceding the filing of his complaint. (*See Doc. No. 3*.)

On June 24, 2009 Plaintiff submitted an inmate account statement. (*Doc. No. 4*.) Upon review of this statement, the court deemed it necessary to direct Plaintiff to submit an inmate account statement which reflected the requisite account information for the six month period *immediately* preceding the filing of this action. (*Doc. No. 5*.) Plaintiff submitted another inmate account statement on July 1, 2009. (*Doc. No. 6*.) This statement, however, was identical to the one submitted by Plaintiff on June 24, 2009.[1] Consequently, on July 8,

---

[1] The account information provided by Plaintiff reflects the financial activity in his inmate account only as of January 1, 2009. (*See Doc. Nos. 4, 6*.)

2009 the court granted Plaintiff fifteen days to show cause why his complaint should not be dismissed for his failure to submit a current prison account statement from the account clerk at the Frank Lee Work Release Center as directed by order filed June 26, 2009. (*Doc. No. 7.*) Plaintiff was cautioned that his failure to comply with the July 8 order would result in a Recommendation that his complaint be dismissed. (*Id.*) The requisite time has passed and Plaintiff has not complied with the orders of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that on or before **August 12, 2009** the parties are DIRECTED to file any objections to the Recommendation Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 31st day of July 2009.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE